UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-CR-66-WMW-KMM |
| Plaintiff, | |
| v. | **ORDER** |
| 2. MAIDORIS VARELA BORRAJO; | |
| Defendants. | |

This matter is before the Court for a ruling on the parties' pretrial motions for discovery, disclosure, and other relief. In addition to those non-dispositive motions, Maidoris Varela Borrajo filed a motion to suppress statements. [ECF No. 63]. The Court scheduled a hearing on the motions for November 18, 2021, to hear the evidence relevant to that motion. However, counsel have advised the Court by email that the government has agreed not to use Ms. Borrajo's statements in its case in chief, rendering the motion to suppress statements moot. As a result, the Court canceled the hearing and issues the following Order regarding the remaining motions based on the parties' written submissions.

1. **The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 [ECF No. 20]**

The Government seeks discovery and disclosure as required by several provisions of the Federal Rules of Criminal Procedure. The motion is **GRANTED** to the extent that Ms. Borrajo shall provide discovery as required by the applicable provisions of the Rules. Further, the government shall provide any expert witness disclosures **no later than four**

1

**weeks prior to trial**. Ms. Borrajo shall provide any expert witness disclosures **no later than three weeks prior to trial**.

    2.    **Ms. Borrajo's Motion to Compel Disclosure of 404(b) Evidence [ECF No. 52]**

Ms. Borrajo seeks an order requiring the government to provide notice of its intent to introduce evidence of other crimes, wrongs, or acts pursuant to Federal Rule of Evidence 404(b). Ms. Borrajo's motion is **GRANTED**. The government shall provide the reasonable notice required by Rule 404(b) **at least four weeks prior to trial**.

    3.  **Ms. Borrajo's Motion to Retain Rough Notes and Evidence [ECF No. 53]**

Ms. Borrajo seeks to compel law enforcement officials involved in the investigation of this case to retain and preserve their rough notes. The government does not object to the motion. The motion is **GRANTED**.

    4.    **Ms. Borrajo's Motion for Discovery of Expert Under Rule 16(a)(1)(G) [ECF No. 54]**

Ms. Borrajo seeks an order compelling the government to provide a written summary of the expert testimony the government intends to use at trial. The motion is **GRANTED**. Expert disclosures shall be made as set forth in Paragraph 1 of this Order.

    5.    **Ms. Borrajo's Motion for Disclosure of Notice of Government's Intent to Use Residual Hearsay Exception Under Rule 807 [ECF No. 55]**

Ms. Borrajo's motion for disclosure of the government's intent to use the residual hearsay exception is **GRANTED** as follows. The government shall provide the notice required by Fed. R. Evid. 807(b) at least **three weeks prior to trial**.

**6.     Ms. Borrajo's Motion for Discovery and Inspection [ECF No. 56]**

Ms. Borrajo moves the Court for an Order requiring the government to disclose information on a variety of topics. The motion is **GRANTED** to the extent that the government must make disclosures as required by Rules 16 and 26.2 of the Federal Rules of Criminal Procedure.

**7.     Ms. Borrajo's Motion for Early Disclosure of Jencks Act Material [ECF No. 57]**

Ms. Borrajo seeks to compel the government to provide early disclosure of Jencks Act material. She asks the Court to require the government to disclose Jencks Act material at least 7 days before the start of the trial. The government opposes the motion and objects to the entry of any order requiring early disclosure. Because the Jencks Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Ms. Borrajo's motion is **DENIED**. The Court nevertheless encourages the government to provide Jencks materials prior to any direct examination of a witness to avoid unnecessary delays.

**8.     Ms. Borrajo's Motion for Disclosure of and to Make Informants and Cooperating Individuals Available to Interview [ECF No. 58]**

Ms. Borrajo seeks an Order compelling the government to disclose the identity of any informants used by the government in its investigation of this case. In response, the government states that to the extent such records exist, they have been disclosed to the defense. Based on the government's representations, the motion is deemed **MOOT**.

### 9. Ms. Borrajo's Motion for Disclosure of Grand Jury Transcripts [ECF No. 59]

Ms. Borrajo asks the Court to require the government to produce the transcript of any grand jury witness whom the government intends to call to testify at the motion hearing or at trial. The government objects to an order directing it to produce such transcripts prior to any corresponding witness's testimony. The motion is **GRANTED IN PART** and **DENIED IN PART**. To the extent the motion seeks immediate disclosure of grand jury transcripts, it is denied, consistent with the Court's ruling on Ms. Borrajo's request for early disclosure of Jencks Act material. Because the government is required by the Jencks Act to provide such material with respect to any testifying witness, the motion is granted. The Court again encourages the government to make disclosures of such witness statements as soon as possible to avoid any unnecessary delays during trial.

### 10. Ms. Borrajo's Motion for Bill of Particulars [ECF No. 60]

Ms. Borrajo seeks an Order requiring the government to file a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f) and to provide more definite information concerning the names of all persons whom the government claims were co-conspirators, the dates that each of the alleged co-conspirators joined the conspiracy, and the dates, locations, and communications which the government contends were in furtherance of the conspiracy. The government states that it has provided an unredacted indictment since this motion was filed and made other disclosures to Ms. Borrajo with information relating to a previously unidentified co-defendant who has not yet been apprehended in connection with this case. Based on the Court's review of the record, it finds that the Indictment complies with Rule 7's requirement that it contain a "plain, concise, and definite

written statement of the essential facts constituting the offense[s] charged." Fed. R. Crim. P. 7(c)(1). In addition, given the government's representations that it has made substantial disclosures since Ms. Borrajo filed her motion and that it has given her an unredacted version of the indictment, the Court finds that no showing of a need for a bill of particulars has been made. *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (concluding that the district court did not abuse its discretion in denying a motion for a bill of particulars based on information disclosed by the government prior to trial). For these reasons, the motion is **DENIED**.

### 11. Ms. Borrajo's Motion for Disclosure of Impeaching Information and Exculpatory Evidence [ECF No. 61]

Ms. Borrajo seeks disclosure of information that is exculpatory or favorable to her defense, including impeaching information, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The government states that it has complied with, and will continue to comply with, its *Brady* and *Giglio* obligations. Ms. Borrajo's motion is **GRANTED** to the extent it seeks information that must be disclosed pursuant to the governing case law. *Brady*, *Giglio*, and their progeny create an affirmative obligation for the government to make disclosure of exculpatory and impeachment evidence to the defense. All such materials must be disclosed within seven days of the date of this Order, and any such additional information must be promptly disclosed to the defense if it is later discovered by the government.

**12.     Ms. Borrajo's Motion for Disclosure of Statements of Alleged Co-Conspirators [ECF No. 62]**

Ms. Borrajo seeks an Order compelling the government to notify her of its intent to use or refer to statements or confessions of any defendant or unindicted co-conspirator and to disclose the substance of those statements. The government proposes that, 14 days prior to trial, it will provide reports detailing any post-arrest statements made by defendants that it intends to introduce in its case in chief, as well as statements of unindicted co-conspirators, if the government plans on calling such witnesses. The Court finds the government's proposal to be reasonable and the motion is **GRANTED IN PART** to the extent that the government shall make any co-defendants' and unindicted co-conspirators' statements available to Ms. Borrajo at least 14 days prior to trial. Further, at this stage of the litigation, the Court finds that it is unclear whether any problem will arise under *Bruton v. United States*, 391 U.S. 123 (1968). Thus, to the extent Ms. Borrajo seeks relief under *Bruton*, the motion is denied without prejudice as premature, but such a request may certainly be renewed if a *Bruton* problem surfaces.

Date: November 19, 2021

                                                     *s/ Katherine Menendez*
                                                     Katherine Menendez
                                                     United States Magistrate Judge