UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-0066 (WMW/TNL) (2) |
| Plaintiff, | |
| v. | **PRELIMINARY ORDER OF FORFEITURE** |
| Maidoris Varela Borrajo (2), | |
| Defendant. | |

Before the Court is the unopposed motion of Plaintiff United States of America for a preliminary order of forfeiture. (Dkt. 200.) The Court finds that the property at issue is subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), and that the United States has established the requisite nexus between such property and the offense of which Defendant Maidoris Varela Borrajo has been found guilty.

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Plaintiff United States of America's motion for a preliminary order of forfeiture, (Dkt. 200), is **GRANTED**.

2. Defendant Maidoris Varela Borrajo shall forfeit to the United States one iMac laptop desktop computer, model A1418, serial number C02TCOAEGG78, with mouse, keyboard and trackpad; one AT&T ZTE cellphone, model 2222; one LG Optimus Zone cell phone; one iPhone model 5C cell phone; one iPhone model 6S Plus cell phone; one iPhone model 7 Plus cell phone; one iPhone model 8 Plus cell phone; two Apple

Macbook Pro laptops; one Toshiba hard disk drive model DTD210; one Wester Digital hard disk drive, model WD2500BEVS; one Apple iPad Air 2 laptop; one Acegear model HDTV116C-HYB digital video recorder; one Bluetooth HC card program with USB cable; one card encoder, serial number T141002567; and six gas pump keys (collectively, the Property) pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C).

3. The United States Attorney General or an authorized designee may seize and maintain custody and control of the Property pending entry of a final order of forfeiture.

4. Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C), the United States shall publish and give notice of this Order and the intent of the United States to dispose of the Property in such manner as the Attorney General may direct.

5. This Order shall become final at the time of sentencing, made part of the sentence and included in the judgment. Fed. R. Crim. P. 32.2(b)(4)(A), (B).

6. Following the Court's disposition of any petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period established to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee.

7. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary. Fed. R. Crim. P. 32.2(e).

Dated: December 15, 2022                           s/Wilhelmina M. Wright
                                                   Wilhelmina M. Wright
                                                   United States District Judge